# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LITTLETON EMMETT JACKSON,**
      **Plaintiff,**

    v.                                                                         Case No. 20-C-1341

**RACHEL MATUSHAK, et al.,**
      **Defendants.**

## DECISION AND ORDER

Plaintiff Littleton Emmett Jackson, a Wisconsin state prisoner representing himself, filed this lawsuit under 42 U.S.C. § 1983. I screened the plaintiff's fourth amended complaint and permitted him to proceed on Eighth Amendment claims against defendants Rachel Matushak, Nurse Staeven, Cassandra Baier, Jennifer Brauer, and Hannah Utter (collectively the State Defendants). ECF No. 18. I also allowed him to proceed on Eighth and First Amendment claims against defendant Susan Peters. *Id.* The State Defendants and Peters separately move for partial summary judgment on the ground that the plaintiff failed to exhaust his available administrative remedies for some of his claims against them. ECF No. 38 & 42. As explained below, I will **GRANT** the defendants' motions.

## I. BACKGROUND[1]

I allowed the plaintiff to proceed on Eighth Amendment claims that in June or July 2020, Matushak, Baier, and Staeven were aware of his severe pain and failed to treat it; that in July 2020, Utter knew about the plaintiff's pain but delayed scheduling him for a doctor's appointment; and that in September 2020, Brauer failed to provide him medication for his

---

[1] Facts in this section are taken from the parties' proposed findings of fact, declarations in support, and responses to the opposing parties' proposed facts. ECF Nos. 40–41, 44, 49–50, 52–54, 57 & 59. For purposes of this decision, I will consider admitted any properly supported facts that the opposing party does not contest. *See* Civil L. R. 56(b)(4). I will consider proposed facts only to the extent they are supported by evidence in the record, *see* Fed. R. Civ. P. 56(c)(1), and will consider arguments in the supporting memoranda only to the extent they properly refer to supported facts, *see* Civil L. R. 56(b)(6).

pain or schedule him for treatment. ECF No. 18 at 4–6. I also allowed him to proceed on an Eighth Amendment claim that in August 2020, Peters knowingly prescribed him an inefficacious course of treatment and a First Amendment claim that Peters discontinued his medication because he complained against her. *Id.* at 6.

The State Defendants contend that the plaintiff did not exhaust his administrative remedies for his Eighth Amendment claims against Utter or Brauer. ECF No. 39. Peters contends that the plaintiff did not exhaust his administrative remedies for the First Amendment claim against her. ECF No. 43.

A. **The State Defendants**

The plaintiff is an inmate at Green Bay Correctional Institution (GBCI), where the State Defendants worked at the time of the events alleged in this lawsuit. ECF No. 40, ¶¶ 1–2. The plaintiff filed several inmate complaints around the time of the events alleged in his lawsuit. On July 29, 2020, the plaintiff complained that a correctional officer did not give him noon medication on July 19, 2020, allegedly in violation of a rule in the inmate handbook. *Id.*, ¶¶ 3–4; ECF No. 41-2 at 11–12. On August 4, 2020, the plaintiff complained that a corrections officer did not give him pain medication on August 2, 2020. ECF No. 40, ¶¶ 5–6; ECF No. 41-3 at 11. On August 11, 2020, he complained that Nurse Staeven knew the plaintiff was experiencing severe pain but forced him to wait over seven days to see his advanced care provider. ECF No. 40, ¶¶ 9–10; ECF No. 41-5 at 11. On August 12, he complained that his pain medication was delayed for four days (from August 6 to 10, 2020) after he told medical staff that he was in pain. ECF No. 40, ¶¶ 7–8; ECF No. 41-4 at 10.

The State Defendants contend that among these inmate complaints, the plaintiff did not file a complaint about Utter, who is the Health Services Unit (HSU) Manager, failing to tell the HSU to schedule a doctor's appointment for the plaintiff to address his pain. ECF No. 40, ¶ 11; ECF No. 41, ¶ 42. They also contend that he did not file a complaint about Brauer failing to provide the plaintiff his pain medication or schedule him for treatment after he wrote to the HSU about his pain on September 21. ECF No. 40, ¶ 12; ECF No. 41, ¶ 43.

The plaintiff disputes the State Defendants' statements that he failed to file an inmate complaint against Utter or Brauer. ECF No. 49, ¶¶ 11–12. He contends that inmate complaint number GBCI-2020-10936, in which he complained about inadequate pain pills, exhausted his administrative remedies against "any nurse or medical staff . . . HSU manager Utter included." *Id.*, ¶ 11; ECF No. 54-1 at 7. The plaintiff submitted complaint GBCI-2020-10936 on June 24, 2020. ECF No. 54-1 at 7. He complained that "this prison will not, will not [sic] let me have my KOP [keep on person] medication in my cell." *Id.* He claimed that he needed to keep the pain pills in his cell "due to severe, severe pain." *Id.* The complaint says the plaintiff "should not be forced to eat pain pills just in case of severe pain especially when I[']m not sure of the amount of pain medication to take because I can't guess the amount of pain that I might have." *Id.* at 7–8. The plaintiff complained that he suffers pain all hours of the night and should not be forced to wait until the next medication pass. *Id.* at 8.

The plaintiff did not attach any documents from the inmate complaint examiner office's review of this complaint. His appeal from the inmate complaint examiner's decision says the complaint examiner summarized his facts as follows:

> Inmate Jackson complains that he can't keep his KOP medication in his RHU cell. HSM Utter stated that per security, KOP medications are not allowed in the RHU cells. All meds are staff controlled. The inmate will have the opportunity to take his meds at the med pass times.

*Id.* at 9. The plaintiff's appeal reiterates that he experiences pain all through the night and says he previously could keep medication in his cell when at a different prison. *Id.* at 9–10. He swears in his declaration in opposition to the State Defendants' motion for summary judgment that it was the prison's refusal to allow him to keep medication in his cell that led him to request stronger medication instead. ECF No. 54, ¶ 2.

**B.    Defendant Peters**

Peters is an advanced practice nurse practitioner who worked at GBCI at the time of the alleged events. ECF No. 44, ¶ 2. She saw the plaintiff on August 12, 2020, for his complaints of head pain. *Id.* During the visit, the plaintiff complained that his current

medications (naproxen and acetaminophen) did not alleviate his headaches and requested that Peters prescribe stronger medication. *Id.*, ¶¶ 3–4. He also told Peters he was concerned about long-term side effects from taking the medication. *Id.*, ¶ 5. Peters ordered labs to determine what medication to give the plaintiff. *Id.*, ¶ 6.

On August 15, 2020, the plaintiff filed an inmate complaint asserting that a doctor (Peters) refused to give him safer and stronger pain medication during his August 12, 2020 appointment. *Id.*, ¶ 7; ECF No. 41-6 at 11–12. An inmate complaint examiner recommended the complaint be dismissed, and a reviewing authority dismissed the complaint on August 27, 2020. ECF No. 44, ¶¶ 8–9. The plaintiff appealed the dismissal, and his appeal was dismissed on September 9, 2020. *Id.*, ¶ 10; ECF No. 41-6 at 7.

Peters asserts that the plaintiff did not file an inmate complaint alleging that she discontinued his medication or took away his option to continue receiving acetaminophen in retaliation for the plaintiff's August 15, 2020 inmate complaint against her. ECF No. 44, ¶ 11; ECF No. 41, ¶ 44. The plaintiff disputes that statement. ECF No. 52, ¶ 11. He asserts that he wrote "[o]n a[n] inmate complaint appeal . . . I feel like the gbci staff are all working in collusion." *Id.* (citing ECF No. 41-7 at 12). He also says that on August 12, 2020, he "wrote a retaliat[i]on complaint against the entire medical staff" for delaying his pain medication. *Id.* (citing ECF No. 41-4 at 10). He contends that because Peters was part of the medical staff at GBCI on August 12, 2020, his complaint about retaliation exhausted his administrative remedies for his claim against her. *Id.*

## II. ANALYSIS

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Thus, to survive a motion for summary judgment, a

non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

**A.     Exhaustion**

Under the Prison Litigation Reform Act, an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citing *Woodford*, 548 U.S. at 93). That means if the plaintiff failed to complete any step in the prison's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. *See Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" does not satisfy exhaustion requirements. *Farina v. Anglin*, 418 F.App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

Wisconsin has an established system that allows inmates to file complaints about policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code § DOC 310.06. Inmates must exhaust all administrative remedies that the Department of Corrections has promulgated by rule before commencing a civil action against an officer,

employee, or agent of the DOC. *Id.*, § DOC 310.05. An inmate must file a complaint within fourteen calendar days of the incident. *See id.*, § DOC 310.07(2). Each complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.*, § DOC 310.07(5)–(6). The inmate must appeal any adverse decision within fourteen days and await a final decision from the Office of the Secretary. *Id.*, §§ DOC 310.12 & 310.13.

B.  **State Defendants**

The State Defendants concede that the plaintiff exhausted his administrative remedies for his claim that in June or July 2020, Matushak, Baier, and Staeven denied his requests for stronger pain medication and delayed scheduling him for a doctor's appointment. They assert that he failed to exhaust his administrative remedies for his claim that Utter delayed scheduling him a doctor's appointment on July 22, 2020, and that Brauer refused to provide him medication on September 21, 2020.

It is undisputed that none of the inmate complaints the plaintiff submitted from July 22 to August 5, 2020, or from September 21 to October 5, 2020—within the 14-day deadlines to file a complaint about Utter and Brauer's actions—related to his claims against Utter and Brauer. The plaintiff instead asserts that he exhausted his claims against Utter and Brauer based on an inmate complaint he filed on June 24, 2020, complaining that he was not allowed to keep medication on his person while in the restricted housing unit. But that complaint could not have exhausted his administrative remedies for the claims against Utter and Brauer because the events alleged in those claims did not occur until July and September 2020—one to three months *after* he filed his June 24, 2020 inmate complaint. Moreover, the June 24, 2020 complaint is about not being allowed to keep medication in his cell; it does not involve HSU staff delaying a doctor's appointment or refusing to provide him medication. The plaintiff does not dispute that he did not file any other inmate complaints about Utter or Brauer's alleged actions.

The plaintiff alternatively contends that his "ENTIRE complaint shows that Nurse Brauer and HSU manager Utter are also guilty of claim #1 which means that Jackson also exhausted his administrative remedies on Nurse Brauer and HSU manager Utter also." ECF No. 50, ¶ 3. But I did not allow the plaintiff to proceed against Utter or Brauer on the same claim that I allowed him to proceed on against the other State Defendants. In fact, I specifically noted that, "The plaintiff does not allege that HSU Manager Utter provided inadequate medical treatment, refused to alter his medication, or could have ordered a stronger prescription." ECF No. 18 at 5. I allowed him to proceed only on a claim that "Utter could have directed the HSU to schedule for the plaintiff for a doctor's appointment but declined to do so despite knowing about the plaintiff's pain." *Id.* Against Brauer, I allowed him to proceed only on a claim that she did not provide him medication or schedule him for a doctor's appointment in response to a September 21, 2020 health services request about his pain. *Id.* at 6. These claims are distinct from the claim that Matushak, Baier, and Staeven disregarded his pain in June or July 2020. *Id.* at 4. The plaintiff may not proceed against Utter or Brauer merely because he exhausted his *other* claim against different defendants. He must exhaust his administrative remedies for *each claim* in this lawsuit. *See Henry v. Deshler*, No. 20-2185, 2021 WL 2838400, at *2 (7th Cir. July 8, 2021) (citing *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020)).

To the extent the plaintiff suggests that his health services requests exhausted his administrative remedies, he is incorrect. Inmates submit a health services request form to alert medical staff at their institution of a medical need. That form "does not constitute a formal grievance for exhaustion purposes." *Dionne v. Majewski*, No. 15-C-190, 2016 WL 1050283, at *2 (E.D. Wis. Mar. 16, 2016) (citing *Whiteside v. Pollard,* No. 10-C-725, 2012 WL 1580430, at *1 (E.D. Wis. May 4, 2012) ("[R]equests made through health services do not constitute proper exhaustion under Wisconsin's administrative rules.")).

The State Defendants have met their burden to show that the plaintiff failed to exhaust his administrative remedies for his claims against Utter and Brauer. I must dismiss those

claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "all dismissals under § 1997e(a) should be without prejudice").

**C.     Peters**

Peters concedes that the plaintiff exhausted his administrative remedies for his Eighth Amendment claim against her related to his August 12, 2020 appointment. She contends that the plaintiff did not exhaust his administrative remedies for his claim that Peters retaliated against him after he filed his August 15, 2020 complaint about the August 12, 2020 visit because he did not file an inmate complaint about that claim.

The plaintiff insists he exhausted his administrative remedies for his retaliation claim against Peters for two reasons. First, he asserts that he filed a retaliation claim against the entire GBCI medical staff on August 12, 2020. Because Peters was part of the medical staff that day, his argument goes, that complaint exhausted his administrative remedies for his claim against her. But the claim on which I allowed him to proceed is that Peters retaliated against him sometime *after August 15*, 2020, when he filed an inmate complaint about his August 12, 2020 appointment with Peters. The August 12, 2020 complaint was filed the same day as the appointment and before Peters's alleged retaliation. An inmate cannot exhaust administrative remedies by filing an anticipatory inmate complaint for conduct that has not yet occurred. *See* Wis. Admin. Code § DOC 310.07(2) ("An inmate shall file a complaint within 14 days *after* the occurrence giving rise to the complaint." (emphasis added)); *Tisher v. Tannan*, No. 18-CV-197-JPS, 2018 WL 3995908, at *2 (E.D. Wis. Aug. 21, 2018) (declining to treat inmate's grievance filed nearly four weeks before defendant's alleged misconduct "as an appropriate attempt to exhaust administrative remedies for an issue that had not yet occurred"); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188 (10th Cir. 2004) ("A grievance obviously cannot exhaust administrative remedies for claims based on events that have not yet occurred. Nor does a grievance exhaust administrative remedies for all future complaints of the same general type."), *abrogated on other grounds by Jones*, 549 U.S. at 223 & n.3. Even if the timing were right, the August 12, 2020 complaint alleges

medical staff delayed the plaintiff's medical treatment between August 6 and 10, 2020. ECF No. 41-4 at 10. That complaint does not mention or involve Peters's treatment on August 12, 2020, or her alleged retaliation after that date. Whether other medical staff retaliated against the plaintiff from August 6 to 10, 2020, is a different claim than his claim that Peters retaliated against him sometime after August 15, 2020. As noted above, the plaintiff must file a complaint and exhaust his administrative remedies for *each* claim on which he seeks to proceed. *See Henry*, 2021 WL 2838400, at *2.

The plaintiff also cites an inmate complaint he filed on August 26, 2020, alleging that a correctional officer retaliated against him for filing a lawsuit the previous day. ECF No. 52, ¶ 11 (citing ECF No. 41-7 at 11). He notes that in his appeal from the dismissal of that complaint, the plaintiff wrote, "I feel like the gbci staff are all working in collusion." *Id.*; ECF No. 41-7 at 12. He suggests that statement was enough to raise his retaliation claim against Peters. ECF No. 52, ¶ 11. But whether GBCI staff were colluding with each other is a different issue than the allegations he raised in the underlying complaint. The plaintiff was permitted to raise "only one clearly identified issue" in his inmate complaint, Wis. Admin. Code § DOC 310.07(5), and the issue he raised related to the officer who allegedly retaliated against him for filing a lawsuit. Even if the statement in his appeal were enough to raise his claim of retaliation against Peters, raising an issue for the first time in the *appeal* of a dismissed complaint violates Wisconsin's procedural rules and does not properly raise or exhaust administrative remedies for that issue. *Hiler v. Pollard*, No. 07-C-863, 2009 WL 188027, at *3 (E.D. Wis. Jan. 27, 2009) (citing *Pozo*, 286 F.3d at 1023) ("[A]n issue raised for the first time in an appeal to the CCE is not an exhausted issue."). Neither the plaintiff's August 26, 2020 complaint, or his appeal from the dismissal of that complaint, properly raised or exhausted his claim that Peters retaliated against him for filing the August 15, 2020 inmate complaint against her.

Peters has satisfied her burden to show that the plaintiff failed to exhaust his administrative remedies related to his retaliation claim against her. I will dismiss that claim without prejudice. *See Ford*, 362 F.3d at 401.[2]

### III. CONCLUSION

For the above reasons, **IT IS ORDERED** that the State Defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 38) is **GRANTED**. The claims against defendants Utter and Brauer are **DISMISSED WITHOUT PREJUDICE**. Because there are no exhausted claims against Utter and Brauer, they are **DISMISSED**.

Defendant Susan Peters's motion for partial summary judgment on exhaustion grounds (ECF No. 42) is **GRANTED**. The plaintiff's First Amendment retaliation claim against Peters is **DISMISSED**. He may proceed against Peters on only his Eighth Amendment claim of deliberate indifference.

I will enter a separate order with new deadlines for the remaining parties to complete discovery and submit dispositive motions on the merits.

Dated at Milwaukee, Wisconsin this 4th day of August, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge

---

[2] Because there are no unresolved questions of fact, I need not hold a hearing as described in *Pavey*, 544 F.3d at 742. *See Aguirre v. Witek*, No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (citing *Doss v. Gilkey,* 649 F.Supp.2d 905, 912 (S.D. Ill. 2009)).